UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
MODIS, INC.,                   )
                               )
        Plaintiff,             )
                               )
    v.                         )    Civil Action No. 09-1051 (RWR)
                               )
INFOTRAN SYSTEMS, INC et al.,  )
                               )
                               )
        Defendants.            )
_____)
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff Modis, Inc. ("Modis") brings this diversity action for damages and injunctive relief against defendants Infotran Systems, Inc. ("Infotran") and Tien H. Tran ("Tran"), alleging breach of contract.  The defendants move to dismiss for lack of subject matter jurisdiction, arguing that the complaint failed to allege sufficient facts to satisfy the jurisdictional amount in controversy requirement necessary for diversity jurisdiction. Because the plaintiff has amply supplemented the complaint with facts supporting the assertion that the amount in controversy exceeds $75,000, the defendants' motion to dismiss will be denied.

BACKGROUND

Modis is an information technology service provider that contracts with other entities to provide staffing for "complex IT challenges," and staffing for work on various computer systems

and databases.  (Compl. ¶¶ 6, 10.)  Modis contracted with Computer Science Corporation ("CSC") to provide information technology support to CSC in connection with CSC's contract to perform work for the United States Customs and Immigration Services ("USCIS").  (Id. ¶ 6.)

In April 2006, Modis recruited Tran to work as an independent contractor at CSC to support the information technology work that CSC was performing for the USCIS.  Modis required Tran on behalf of his company, Infotran, to sign an Independent Contractor Agreement that restricted the use of confidential information and that contained a non-compete provision.  Tran agreed to refrain from soliciting or accepting employment from any client of Modis (including CSC) or from any entity or person with whom Tran had personal contact or whom he met while providing services for CSC without the written consent of Modis "during the term of [the] Agreement and for a period of one (1) year thereafter[.]"  (Compl. ¶¶ 12-13, 28-30.)  The Agreement provided that if the defendants breached the restrictive covenants, Modis would be entitled to injunctive relief and a fee equal to 125 percent of the fee that Modis would have earned if it had provided the services.  (Id. ¶ 31; Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n") at 6.)

In May 2009, the defendants gave to Modis a letter stating that they were terminating their relationship with Modis.

-3-

(Compl. ¶ 34.)  Modis then filed the one-count breach of contract complaint in this matter against both defendants, alleging that the defendants are currently competing with Modis for placement opportunities with CSC.  (Id. ¶ 35.)  The complaint seeks injunctive and compensatory relief, and it asserts that "the amount in controversy exceeds $75,000, exclusive of interests and costs."  (Id. ¶ 8.)

The defendants have moved under Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint, arguing that the court lacks jurisdiction because the complaint fails to provide a sufficient factual basis to support that the amount in controversy exceeds $75,000.  (Defs.' Mem. in Supp. of Mot. to Dismiss at 1.)  The plaintiff opposes, arguing that the complaint contains a good-faith assertion that the amount in controversy exceeds $75,000, and its opposition provides ample supplemental facts supporting the claimed amount.  (Pl.'s Opp'n at 1-2.)

## DISCUSSION

The complaint alleges diversity jurisdiction under 28 U.S.C. § 1332(a)(1), which provides for federal jurisdiction over civil actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.  See 28 U.S.C. § 1332(a).  "Before a court may address the merits of a complaint, it must assure that it has jurisdiction to entertain the claims."  Highland Renovation Corp. v. Hanover Ins.

-4-

Group, 620 F. Supp. 2d 79, 81 (D.D.C. 2009) (quoting Osseiran v. Int'l Fin. Corp., 498 F. Supp. 2d 139, 143 (D.D.C. 2007) (quoting Rodriguez v. Nat'l Ctr. for Missing & Exploited Children, Civil Action No. 03-120 (RWR), 2005 WL 736526, at *6 (D.D.C. Mar. 31, 2005)).

A court must accept all of the factual allegations in the complaint as true in considering whether to dismiss a complaint for lack of subject matter jurisdiction, but may consider materials outside the pleadings. See Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005). "When the defendant challenges the jurisdictional amount, plaintiff must come forward with some facts in support of her assertion that the jurisdictional amount has been met." Mace v. Domash, 550 F. Supp. 2d 101, 104 (D.D.C. 2008). When determining a jurisdictional challenge based upon an insufficient amount in controversy, a court "may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Herbert v. National Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); see also Highland Renovation Corp., 620 F. Supp. 2d at 81 (quoting Coalition for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003) (quoting Herbert v. Nat'l Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992)). When assessing whether a claim meets the amount in

-5-

controversy requirement, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938) (footnotes omitted).  However, where it appears certain that the claim asserted in the complaint will be for less than the jurisdictional amount, even if the claim was made in good faith, dismissal is justified.  Hunter v. Dist. of Columbia, 384 F. Supp. 2d 257, 260 (D.D.C. 2005).  Courts should be "very confident that a party cannot recover the jurisdictional amount before dismissing the case for want of jurisdiction."  Rosenboro v. Kim, 994 F.2d 13, 17 (D.C. Cir. 1993).

Here, the defendants provide no evidence showing that the amount in controversy is certain to be less than $75,000.  In addition, Modis attached to its opposition the declaration of Tim Martin, the sales director for Modis' Governmental Services Group, who asserts personal knowledge that Tran has contracted directly with CSC and is directly competing with Modis.[1]  Martin believes that Tran has been violating the Agreement since October 2008, and reports that Tran generated $328,708.96 in revenue for Modis from CSC in 2008.  (Pl.'s Opp'n, Ex. 1 ¶ 3.)  Whether

---

[1] Defendants do not dispute that they have contracted directly with CSC.  In an interesting twist, their reply, attaching a copy of an email from Martin, reflects that Modis urged defendants to contract directly with CSC as a small business front for Modis.  It seems that defendants have stopped playing along as a pass-through, and Modis is putting the squeeze on defendants for fronting as Modis urged but not sharing the revenue.

-6-

viewed as an estimate of lost revenues or a valuation of the competing services, this provides a good faith basis for asserting the required amount in controversy.  So does Martin's belief that defendants bill at $130 per hour and would have earned at least $420,700 from CSC that can be recovered by Modis under the Agreement.  (Id. ¶ 3.)  Modis has provided facts showing that the requisite jurisdictional amount has been alleged in good faith.  The defendants' motion to dismiss will be denied.

## CONCLUSION AND ORDER

Because the plaintiff has come forward with facts supporting a good faith assertion that the amount in controversy exceeds $75,000, it is hereby

ORDERED that the defendants' motion [4] to dismiss this case for lack of jurisdiction be, and hereby is, DENIED.

SIGNED this 15th day of December, 2009.

                                                          _____/s/_____
                                                          RICHARD W. ROBERTS
                                                          United States District Judge